MATTHEW R. COWAN (S.B. #281114)
mcowan@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 19th Floor
Los Angeles, California 90071-2899
Telephone:   (213) 430-6000
Facsimile:   (213) 430-6407

*Attorney for Non-Party Lark Park*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In re* MOTION TO QUASH THIRD-PARTY SUBPOENA<br><br>in the matter of<br><br>FRANKEL, ET AL.,<br><br>     *Plaintiffs*,<br><br>  v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, ET AL.,<br><br>     *Defendants*. | Misc. Case No.<br><br>Underlying Litigation:<br><br>*Frankel, et al. v. Regents of the University of California, et al.*, No. 2:24-CV-4702-MCS (C.D. Cal.)<br><br>**DECLARATION OF MATTHEW R. COWAN IN SUPPORT OF NON-PARTY LARK PARK'S MOTION TO QUASH THIRD-PARTY SUBPOENA**<br><br>Judge: TBD<br>Hearing Date: TBD<br>Time: TBD<br>Place: TBD |

I, Matthew R. Cowan, hereby declare as follows:

1. I am an attorney duly admitted to practice before this Court and all of the courts of the State of California. I am a partner at the law firm O'Melveny & Myers LLP, attorneys of record for Non-Party Regent Lark Park ("Regent Park") in the above-captioned action and for Defendants Regents of the University of California, Michael V. Drake, Julio Frenk, Darnell Hunt, Michael Beck, Monroe Gorden, Jr., and Steve Lurie ("Defendants") in the underlying action *Frankel, et al. v. Regents of the University of California, et al.*, No. 2:24-CV-4702-MCS (C.D. Cal.). I offer this declaration in support of Regent Park's Motion to Quash Subpoena. I have personal knowledge of all the facts set forth in this declaration, and, if called to testify, I could and would competently testify to them.

2. The underlying action stems from a lawsuit Plaintiffs brought against the Regents of the University of California ("UC" or the "University") and six individual defendants based on the University's response to a protest encampment erected by third parties on the campus of the University of California, Los Angeles ("UCLA").

3. Plaintiffs in the underlying action served their first set of requests for production ("RFPs") on November 27, 2024, which Defendants responded to on January 27, 2025, after Plaintiffs had proposed a mutual 30-day extension of the deadlines to respond to pending RFPs.

4. Plaintiffs served their second set of requests for production on February 10, 2025, which Defendants responded to on March 12, 2025.

5. On March 27, 2025, Plaintiffs reached out to Defendants for an initial meet-and-confer, which occurred on April 1, 2025. Defendants memorialized the parties' discussion in an April 10 letter. Plaintiffs responded to Defendants' April 10 letter on May 1, 2025.

6. To date, Defendants have committed to produce responsive documents in the underlying action from 11 custodians, including from each of the administrators sued as individual defendants, three members of the UCLA Police Department, and two additional UCLA administrators beyond those named as defendants (UCLA's dean of students and assistant vice chancellor for civil rights). These are the key leaders who oversaw operational decision-making at UCLA during the encampment, meaning the individuals who made decisions that actually impacted

1  Plaintiffs and their claims. Defendants have commenced a rolling production from these
2  custodians, which they intend to complete substantially by the end of June.

3      7.    In their May 1, 2025 letter, Plaintiffs demanded that Defendants quadruple the
4  number of custodians Defendants initially offered (eight) by adding 17 of the 18 appointed Regents,
5  15 administrators, and 2 individuals from the UCLA Police Department ("UCLA PD").

6      8.    Defendants responded on May 13, 2025, explaining that they did not agree with
7  Plaintiffs' proposal to include 17 of the 18 appointed Regents as custodians. Defendants explained
8  that no individual Regent was a named defendant in the underlying action, that the complaint in the
9  underlying action was devoid of a single allegation concerning any action taken by an individual
10 Regent, and that Plaintiffs have not located a single case—and Defendants are aware of none—in
11 which a court compelled an individual Regent to serve as a document custodian in a lawsuit against
12 the University. Defendants did agree to produce responsive communications involving individual
13 members of the Board of Regents to the extent those communications exist in the custodial files of
14 Defendants' proposed custodians. Defendants explained that, provided that such communications
15 exist, they would be the most relevant and responsive communications involving the Board of
16 Regents since Defendants' proposed custodians oversaw operational decision-making at the
17 campus level.

18     9.    On Saturday, May 17, 2025, Plaintiffs responded and demanded that Defendants
19 add individual Regents as document custodians or Plaintiffs would depose Regent Park on Friday,
20 May 30. Plaintiffs did not explain why they believe Regent Park, in particular, possesses any
21 unique knowledge about UCLA's response to the encampment. In their May 17 letter, Plaintiffs
22 also indicated that they would seek a discovery conference with the Magistrate Judge in the
23 underlying action to resolve any remaining disputes.

24     10.    On May 23, 2025, and recognizing that the outcome of the forthcoming discovery
25 conference before the Magistrate Judge is likely to bear on whether a deposition of Regent Park is
26 necessary and/or proper, Defendants asked Plaintiffs to postpone the deposition until after the
27 Magistrate Judge decides the proper scope of document custodians. Plaintiffs refused.

28     11.    On May 25, 2025, Plaintiffs indicated that they would only be willing to postpone

Regent Park's deposition if Defendants agree to designate two Regents as document custodians without the benefit of the Magistrate Judge's ruling on that precise issue. I understand that on May 27, 2025, the parties met and conferred regarding the subpoena and Regent Park's motion to quash and were unable to reach an agreement.

12. A true and correct copy of the subpoena Plaintiffs served on Regent Park is attached as **Exhibit A**. The current return date for the subpoena is May 30, 2025.

13. A true and correct copy of Plaintiffs' May 17, 2025 letter is attached as **Exhibit B**.

14. Based on my personal knowledge, Regent Park resides in Sacramento, California, which is located in the Eastern District of California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed May 28, 2025 at Los Angeles, California.

By: */s/ Matthew R. Cowan*
       Matthew R. Cowan