# EXHIBIT B

**Davis Polk**

Elliot Moskowitz
+1 212 450 4241
elliot.moskowitz@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

May 17, 2025

Re: *Frankel, et al. v. Regents of the Univ. of Calif., et al.*, No. 2:24-cv-04702-MCS-PD (C.D. Cal.) – Plaintiffs' First & Second Requests for Production

Dear Matthew, Jennifer, Jenn:

Plaintiffs do not view as productive engaging in the further trading with Defendants of lengthy letters. Plaintiffs have considered the contents of Defendants' discovery correspondence (including Defendants' May 15, 2025 email proposal) and the statements made by Defendants' counsel on meet and confers to-date. Appendix A hereto is a comprehensive, compromise proposal that Plaintiffs believe addresses Defendants' (unsubstantiated) claims of undue burden and provides for discovery proportional to the needs of the case.

Among other points, this proposal significantly reduces the number of document custodians. While, as previously explained, Plaintiffs are entitled to discovery from the members of the UC Board of Regents as well as from the UCLA administrators named in Elliot Moskowitz's May 1, 2025 correspondence, in the interest of compromise, Plaintiffs are willing to accept material from a fraction of each of those groups.[1]

- With respect to the Regents, Plaintiffs are willing to accept material from the four Regents most knowledgeable about, and most likely to have in their possession, custody, or control responsive material concerning, the events alleged in Plaintiffs' First Amended Complaint. We have reason to believe those individuals are Regents Richard Leib, Janet Reilly, Jay Sures, and Lark Park. Accompanying this correspondence, you will find a subpoena for the deposition of Regent Lark Park, who Plaintiffs anticipate will be able to provide information concerning (i) the UC Regents' knowledge and communications concerning the events alleged in Plaintiffs' First Amended Complaint and (ii) the means by which the Regents communicate among themselves, with UCLA administrators, with UCLA PD, and with LAPD. Given your prior representation that Plaintiffs need not separately subpoena the UC Regents in order to obtain their documents, we assume that you will accept email service of the attached subpoena on behalf of Ms. Park. Please let us know if that is incorrect.

  Plaintiffs are willing to withdraw the subpoena (without prejudice to re-serving it) upon Defendants' confirmation of the four Regents likely to be most knowledgeable and to have responsive material, and agreement that those four individuals shall serve as custodians

- With respect to the UCLA administrators, Plaintiffs are willing to accept material from Jasmine Rush, Chandra Bhatnagar, Mitchell Chang, Sean Devine, Bayrex Marti, Benito Nieves, and the UCLA administrator most involved in supervising or managing the "Student Affairs Monitors" (or "Student Affairs Mitigators") and "Public Safety Aides" dispatched to the Encampments.[2] As noted

---

[1] Plaintiffs reserve the right to seek discovery from additional custodians if it becomes apparent during discovery that material information is in the possession, custody, or control of such individuals.

[2] As noted in the House report referenced in RFP 27, "The morning of April 27, the administration sent another BruinALERT update, informing University affiliates that UCLA had deployed uniformed Student Affairs Mitigators (SAMs) and Public Safety Aides (PSAs) around the encampment site. These employees were in place to engage in 'de-escalation,' with traditional law enforcement units," but

**Davis Polk**

      below, pursuant to Plaintiffs' proposal, Mr. Marti and Mr. Nieves would be added as custodians solely for Plaintiffs' RFPs that concern complaints, reports, or incidents involving any Plaintiff.

- As explained in Elliot Moskowitz's May 1, 2025 correspondence, John Thomas and Gawin Gibson both served as the interim Chief of Police for the UCLA PD during key time periods. Defendants cannot reasonably comply with their discovery obligations without including these critical individuals as custodians.

Plaintiffs' proposal, which embodies a very significant reduction in scope, results in Defendants utilizing 21 document custodians in total, 11 of which for only a subset of Plaintiffs' document requests. That is eminently reasonable given the nature of this matter and the claims at issue. To the extent Defendants believe this number of custodians is unduly burdensome, Plaintiffs categorically disagree. And in any case, the proper response to any undue burden would <u>not</u> be to knowingly withhold documents and communications of individuals likely to possess highly probative materials, but through the proper calibration of search terms and/or date ranges to arrive at a reasonable review population. That is basic discovery practice and Plaintiffs are willing to work in good faith to calibrate the search terms.

As you will see, Plaintiffs' proposal also includes a substantial compromise on the date range for many of Plaintiffs' RFPs, shortening the applicable time period by two months by moving up the end date from February 10, 2025 to December 12, 2024. This results in a date range that is only 16 days longer than the range Defendants proposed in their May 13, 2025 letter.

Plaintiffs request Defendants' response to this proposal by Tuesday, May 20th. Please include in your response any aspects of the below proposal that Defendants will not agree to. Within 24 hours of that response, Plaintiffs intend to email Magistrate Judge Donahue to organize a discovery conference to resolve any remaining disputes. We are available to conduct that conference during the weeks of May 19th and May 26th. To the extent Defendants do not agree to any aspect of this proposal, consistent with Magistrate Judge Donahue's procedures, please also include in your response three dates and times during which Defendants' counsel are likewise available for the discovery conference.

Sincerely,

/s/ *Elliot Moskowitz*

Elliot Moskowitz

cc:  Counsel of record

---

    subsequently, "[m]asked encampment members denied Jewish students and the media access to areas of campus, as uniformed Student Affairs Mitigators and Public Safety Aides stood idly by." H.R. COMM. ON EDUC. AND THE WORKFORCE, ANTISEMITISM ON COLLEGE CAMPUSES EXPOSED at 26-27 (Oct. 31, 2024).

**Davis Polk**

Elliot Moskowitz
+1 212 450 4241
elliot.moskowitz@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

### Appendix A – Plaintiffs' Compromise Proposal

**Custodians**

1. <u>The Individual Defendants</u>

    a. Agreed Custodians as proposed in Defendant's Letter of April 11, 2025

        i. Michael J. Beck (Administrative Vice Chancellor, the University of California, Los Angeles ("UCLA"))

        ii. Gene D. Block (Former Chancellor, UCLA)

        iii. Rick Braziel (Former Associate Vice Chancellor for Campus Safety, UCLA)

        iv. Michael V. Drake (President, the University of California)

        v. Monroe Gorden, Jr. (Vice Chancellor for Student Affairs, UCLA)

        vi. Darnell Hunt (Executive Vice Chancellor and Provost, UCLA; Former Interim Chancellor, UCLA)

    b. Additional Custodians

        i. None

2. <u>UCLA Police Department ("UCLA PD") Staff</u>

    a. Agreed Custodians as proposed in Defendant's Letter of April 11, 2025

        i. Scott Scheffler (Interim Chief of Police, UCLA PD)

        ii. Jeffrey Chobanian (Acting Administrative Bureau Captain, UCLA PD)

    b. Additional Custodians

        i. John Thomas (former Interim Chief of Police, UCLA PD)

        ii. Gawin Gibson (former Interim Chief of Police, UCLA PD)

3. <u>UC Regents</u>

    a. Agreed Custodians as proposed in Defendant's Letter of May 13, 2025

        i. None

    b. Additional Custodians

- i. Richard Leib
- ii. Janet Reilly
- iii. Jay Sures
- iv. Lark Park

4. UCLA Administrators

    a. Agreed Custodians as proposed in Defendant's Letter of May 13, 2025

        i. For All RFPs
            1. None

        ii. For RFPs 13 (Plaintiffs' Second Set of RFPs) and 35
            1. Jasmine Rush (Dean of Students, UCLA)
            2. Chandra Bhatnagar (Assistant Vice Chancellor for Civil Rights, UCLA)

    b. Additional Custodians

        i. For RFPs 1, 2, 3, 7, 8, 12, 13 (Plaintiffs' Second Set of RFPs), 14, 15, 16, 17, 18, 19, 20, 21, 23, 35
            1. Jasmine Rush (Dean of Students, UCLA)
            2. Chandra Bhatnagar (Assistant Vice Chancellor for Civil Rights, UCLA)
            3. Mitchell Chang (Interim Vice Provost for Equity, Diversity, and Inclusion, UCLA)
            4. Sean Devine (Senior Management Specialist, UCLA Office of Emergency Management)
            5. The UCLA administrator most involved in supervising or managing the "Student Affairs Monitors" (or "Student Affairs Mitigators") and "Public Safety Aides" dispatched to the Encampments

        ii. For RFPs 13 (Plaintiffs' Second Set of RFPs) and 35 ONLY
            1. Bayrex Marti (Assistant Dean for Student Affairs, UCLA Law)
            2. Benito Nieves (Associate Dean of Students, UCLA Law)

**Davis Polk**

**Time Frames, Custodians, and Responsiveness Criteria**

1. RFPs 1, 13 (Plaintiffs' Second Set of RFPs), 14, and 35:

    a. <u>Time Frame</u>:  October 7, 2023 – December 12, 2024

    b. <u>Custodians</u>:[3]  Individual Defendants, Regents, UCLA PD Staff, UCLA Administrators[4]

    c. <u>Responsive Materials</u>:

        i. Communications concerning: (i) antisemitism, antisemitic incidents, antisemitic threats, or antisemitic events; (ii) any incidents, reports or allegations of discrimination at UCLA on the basis of Jewish or Israeli identity, support for Israel or Israelis, Zionism or anti-Zionism, or related speech; and (iii) complaints, reports, or incidents involving any Plaintiff.

        ii. Defendants will search all custodians for responsive documents.  Defendants may limit <u>text and instant messaging</u> searches for these requests to the Individual Defendants, UC Regents, John Thomas, Gawan Gibson, and Scott Scheffler.

2. RFPs 4, 5, 6, 33, 34:

    a. <u>Time Frame</u>:  April 17, 2024 – May 5, 2024

        i. End date of May 2, 2024 for RFPs, 4, 33, and 34

    b. <u>Custodians</u>:  Individual Defendants, Regents, UCLA PD Staff

        i. UCLA Administrators for RFP 33 and 34

    c. <u>Responsive Materials</u>:

        i. Communications:  (i) concerning the Initial Encampment;[5] (ii) about the use or logistical aspects of the installation of barricades or bike racks in, near, or around the Initial Encampment; and (iii) concerning classes, study sessions, extra credit

---

[3] Note that while Plaintiffs agree to limit certain responsive searches to RFPs to certain custodians and date ranges, Plaintiffs do not agree that Defendants may withhold responsive documents merely because they were identified while searching for different documents in a particular custodian's files.  In other words, if, in their review, Defendants identify documents responsive to *any RFP*, they must produce those documents.

[4] Given, among other things, that Plaintiffs' RFPs seek documents from any Board member but are agreeing to accept as custodians just 4 of the 34 UC Regents, Plaintiffs expect Defendants to search for responsive documents in the possession, custody, or control of all of their document custodians.

[5] Defendants have expressed that they are unwilling to search for documents responsive to requests concerning the Initial Encampment or the Encampments from prior to April 24, 2024, because "'the encampments' did not arise until April 25, 2024."  This is not a serious objection.  It is obvious that communications involving the Individual Defendants, UC Regents, UCLA PD, and UCLA Administrators concerning potential protest activity and encampments would be ongoing as of April 17, 2024 in light of events occurring at other schools, including other UC schools.  It is similarly obvious that those communications, which would have concerned potential protest activity and encampments on the UCLA campus (events that came to pass days later) are relevant to Plaintiffs' claims.  Defendants should treat RFPs concerning the Initial Encampment or the Encampments as likewise concerning potential encampments or related protest activity, to the extent such RFPs seek documents from April 24, 2024 or before.

      activities, and any other class-related events held in, at, or near the site of the Initial Encampment, including the cancellation or rescheduling thereof.

    ii. Defendants will search all above custodians for responsive documents. Defendants may limit <u>text and instant messaging</u> searches for these requests to the Individual Defendants, UC Regents, John Thomas, Gawan Gibson, Scott Scheffler, and the UCLA Administrators.

3. RFPs 2, 3, 12, 15, 16, 17, 18, 23:

    a. <u>Time Frame</u>:  April 17, 2024 – December 12, 2024

    b. <u>Custodians</u>:  Individual Defendants, Regents, UCLA PD Staff, UCLA Administrators

    c. <u>Responsive Materials</u>:

        i. Communications:  (i) concerning the Encampments; (ii) concerning the announcement or application of UC systemwide guidance and UCLA policies concerning the use (or non-use) of law enforcement in connection with expressive activity during the Encampments; (iii) concerning any restriction of access or movement in connection with the Encampments, including but not limited to the establishment of any physical barriers or any other means of enforcing such restrictions; (iv) concerning the UCLA PD's involvement (or lack of involvement) in responding to the Encampments; (v) concerning the Los Angeles Police Department's involvement (or lack of involvement) in responding to the Encampments; and (vi) concerning UCLA's policies with respect to the Encampments.

        ii. Defendants will search all above custodians for responsive documents. Defendants may limit <u>text and instant messaging</u> searches for these requests to the Individual Defendants, UC Regents, John Thomas, Gawan Gibson, and Scott Scheffler.

4. RFPs 7, 19, 20

    a. <u>Time Frame</u>:  April 17, 2024 – December 12, 2024

    b. <u>Custodians</u>:  Individual Defendants, Regents, UCLA Administrators

    c. <u>Responsive Materials</u>:

        i. Communications:  (i) with any formally affiliated member or faculty adviser of the UCLA chapter of Students for Justice in Palestine, or any individual purporting to speak on the group's behalf; (ii) with any formally affiliated member or faculty advisor of any student or faculty organization involved in the establishment or maintenance of the encampments, or any individual purporting to speak on behalf of any such group; and (iii) concerning the Encampments with any formally affiliated member or faculty advisor of the groups Students for Justice in Palestine at UCLA, the UCLA Divest Coalition, the UCLA chapter of Faculty for Justice in Palestine, the UCLA chapter of Medical Students for Justice in Palestine, the UCLA

    chapter of Law Students for Justice in Palestine, and the UCLA chapter of Jewish Voices for Peace, or any individual purporting to speak on behalf any such group.[6]

   ii. Defendants need not search text messages or instant messages for these requests.

5. RFP 11

  a. <u>Time Frame</u>:  May 5, 2024 – September 22, 2024[7]

  b. <u>Custodians</u>:  Individual Defendants, Regents, UCLA PD Staff

  c. <u>Responsive Materials</u>:

   i. Documents sufficient to show UCLA's summer planning for the 2024–2025 academic year concerning expressive activity, as described in Defendant Michael Beck's Declaration at Paragraph 19 and Defendant Rick Braziel's Declaration at Paragraph 31, including documents sufficient to show: tabletop exercises concerning expressive activity; updated policies concerning emergency management; and updated policies concerning expressive activity.

   ii. All communications, including text or instant messages, sent or received by Defendant Michael Beck or Defendant Rick Braziel during the 2024 summer recess concerning the aforementioned exercises and policies or concerning "potential scenarios involving civil unrest and protest" on UCLA's campus.

6. RFP 8

  a. <u>Time Frame</u>:  April 17, 2024 – May 5, 2024

  b. <u>Custodians</u>:  Individual Defendants, Regents, UCLA PD Staff, UCLA Administrators

  c. <u>Responsive Materials</u>:

   i. Communications concerning the initial encampment and any private security firm that provided security services in, near, or around the initial encampment.

   ii. Defendants will search all above custodians for responsive documents. Defendants may limit <u>text and instant messaging</u> searches for these requests to the Individual Defendants, UC Regents, John Thomas, Gawan Gibson, and Scott Scheffler.

7. RFP 9

  a. <u>Time Frame</u>:  April 17, 2024 – December 12, 2024

---

[6] Defendants have raised concerns about requests seeking communications with individuals purporting to speak on behalf of a student or faculty group.  Of course, this is a non-issue.  Capturing any such documents is a matter of selecting appropriate search terms, and it will be obvious on the face of a communication if the individual involved is purporting to speak on behalf of one of the groups mentioned above.

[7] September 23, 2024 marked the beginning of the fall quarter for the UCLA undergraduate population.

  b. <u>Custodians</u>:  Individual Defendants, Regents, UCLA PD Staff

  c. <u>Responsive Materials</u>:

    i. Documents sufficient to show any directives, orders, or information concerning how to provide security services on UCLA's campus delivered to any private security firm for the purpose of providing security services in, near, or around the Encampments.

8. RFP 10

  a. <u>Time Frame</u>:  April 17, 2024 onward

  b. <u>Custodians</u>:  N/A

  c. <u>Responsive Materials</u>:

    i. All contracts with any private security firm, that were created, issued, or in effect on or after April 17, 2025 for the provision of security in or around the Encampments.

9. RFP 13

  a. <u>Time Frame</u>:  N/A

  b. <u>Custodians</u>:  N/A

  c. <u>Responsive Materials</u>:

    i. Documents sufficient to show UC systemwide guidance and UCLA policies concerning UCLA's "de-escalation response" to expressive activity on University property.

10. RFP 21

  a. <u>Time Frame</u>:  October 7, 2024 – November 1, 2024

  b. <u>Custodians</u>:  Individual Defendants, Regents, UCLA PD Staff, UCLA Administrators

  c. <u>Responsive Materials</u>:

    i. Any communications with any formal member of the UCLA Cultural Affairs Commission or any individual responsible for the Instagram account of the UCLA Cultural Affairs Commission about the allegations in Paragraphs 229-231 of the FAC.  For the avoidance of doubt, this includes any communications in any way concerning the "Week of Rage" referenced in Paragraph 229, concerning any related posts or statements by the UCLA Cultural Affairs Commission (including those celebrating or otherwise relating to the October 7 Hamas attack, as shown in Paragraph 230), and the October 7, 2024 rally referenced in Paragraph 231.

    ii. Defendants will search all above custodians for responsive documents. Defendants may limit <u>text and instant messaging</u> searches for these requests to

**Davis Polk**

      the Individual Defendants, UC Regents, John Thomas, Gawan Gibson, Scott Scheffler, and the UCLA Administrators.

11. RFP 22

    a. <u>Time Frame</u>:  October 7, 2023 onward

    b. <u>Custodians</u>:  N/A

    c. <u>Responsive Materials</u>:

        i. Documents sufficient to show UCLA policies in effect since October 7, 2023 concerning the use of university facilities and services for expressive activities or discrimination based on protected characteristics

12. RFP 24

    a. <u>Time Frame</u>:  N/A

    b. <u>Custodians</u>:  N/A

    c. <u>Responsive Materials</u>:

        i. Documents sufficient to show any "disciplinary action"[8] taken by an appropriate office of UCLA against any current or former UCLA student or employee of UCLA in connection with any of the encampments.

13. RFP 25

    a. <u>Time Frame</u>:  N/A

    b. <u>Custodians</u>:  N/A

    c. <u>Responsive Materials</u>:  Non-privileged retainer and fee agreements entered for the purpose of this action between Defendants and named counsel of Defendants in this action

14. RFP 31

    a. <u>Time Frame</u>:  N/A

    b. <u>Custodians</u>:  N/A

    c. <u>Responsive Materials</u>:  All written statements or press releases concerning any of the encampments issued by UCLA or any authorized UCLA spokesperson to the UCLA community, by the UCLA School of Law or any authorized law school spokesperson to the UCLA law school community, or by UCLA's David Geffen School of Medicine or any authorized medical school spokesperson to the UCLA medical school community.

---

[8] "Disciplinary action" is defined as "discipline or corrective action taken by an appropriate office of UCLA against a specific UCLA student or employee of UCLA after the conclusion of formal conduct proceedings."

**Davis Polk**

15. RFP 32

    a. <u>Time Frame</u>:  April 25, 2024 – May 2, 2024

    b. <u>Custodians</u>:  N/A

    c. <u>Responsive Materials</u>:  All files and data of video and audio recordings from cameras and drones within UCLA's possession, and all video and audio recordings captured or collected by the UCLA Police Department, depicting the initial encampment from April 25, 2024 through May 2, 2024.

16. RFPs 26, 27, 28, 29, 30

    a. Defendants indicated in their May 13, 2025 letter that they "are willing to produce documents sufficient to show Defendants' responses to the reports referenced in RFP Nos. 28 and 29." Please clarify what that means. Are Defendants willing to produce the materials sought by RFPs 28 and 29, or are they suggesting the production of something else? While Plaintiffs accept Defendants offer of production, it does not resolve Plaintiffs' concerns with respect to the materials sought by RFPs 26, 27, or 30 (or, for that matter, RFPs 28 and 29, if Defendants are proposing to produce something less than the full set of materials sought by those RFPs).

    b. In any case, the parties' disagreements regarding the propriety of these RFPs and clone discovery in this matter should not at all delay Defendants' progress towards the production of custodial documents, custodial communications, and other materials in response to Plaintiffs' other RFPs.